**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-1439
_____

WILLIAM JOSEPH WEBB, JR.
Appellant

v.

KIRK NEAL, Corporal at SCI; C/O EDGAR VERDE
_____

On Appeal from the United States District Court
for the District of Delaware
(D.C. Civil Action No. 1:20-cv-00938)
District Judge:  Honorable Richard G. Andrews

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 13, 2026
Before:  HARDIMAN, FREEMAN, and SCIRICA, *Circuit Judges*

(Amended Opinion filed: August 14, 2026)
_____

AMENDED OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

William Webb, Jr., a Delaware state prisoner, appeals from the District Court's order denying his motion to reinstate his civil rights action. For the reasons that follow, we will vacate the District Court's judgment and remand for further proceedings.

In July 2020, Webb filed a complaint pursuant to 42 U.S.C. § 1983, challenging prison conditions while he was a pretrial detainee at the James T. Vaughn Correctional Center in Smyrna, Delaware. The District Court dismissed all claims except those against defendants Kirk Neal and "Edgar Verde"[1] and allowed Webb to amend his allegations as to them. After Webb amended his complaint and the parties took discovery, Webb, Neal, "Verde," and the Delaware Department of Corrections entered into a settlement agreement and stipulated that the matter be dismissed with prejudice. For a one-time, $9,000 payment to another person to contribute to Webb's child support arrears, Webb waived, released, and discharged claims against the parties to the settlement and any other defendants named in the lawsuit (and their current and former directors, officers, agents, etc.). The parties agreed that the agreement would remain confidential and that the courts in the State of Delaware would have exclusive jurisdiction over "matters arising under or in connection with" the agreement, including "any action to enforce [its] terms and provisions." ECF No. 57 at 6. On April 1, 2022, the District Court entered an order accepting the stipulation of dis

---

[1] Myles Vernet who was misidentified in the complaint as Edgar Verde.

In February 2024, Webb filed a "Motion for Reinstatement of Case." ECF No. 55. He asked that the matter be reinstated before a new judge because the District Court had not held a colloquy about the parties' settlement agreement before dismissing the case. He also stated that he had signed the agreement because counsel for defendants had falsified evidence and because he had not been on his prescribed medications. Webb further claimed that a defendant or counsel for a defendant had breached the confidentiality agreement and was making fun of him about the money going to his child support obligations. He also contended that the District Court erroneously dismissed some of his claims.

The defendants opposed the motion, arguing that enforcement of a settlement agreement is for the state court unless there is some independent basis for jurisdiction. ECF No. 56 (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994)). In reply, Webb stated, inter alia, that he sought to invalidate the agreement for the reasons set forth in his motion and because it was "entered unconstitutionally and [in] bad faith where the Defendants and/or their attorney has breached [it]" and he is being harassed. ECF No. 59 at 3.

The District Court denied Webb's motion, noting that "[j]urisdiction was not retained," and, thus, that his claim that the settlement agreement was breached did not provide a basis for reopening. ECF No. 61 at n.1. The District Court also concluded that it was too late to reopen the judgment based on fraud by an opposing party under Federal Rule of Civil Procedure 60(b)(3) & (c)(1). The District Court further noted that no

3

colloquy was necessary because the case was not criminal, and, to the extent that Webb sought the District Judge's recusal, there was no basis for it. Webb filed a timely appeal.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We review questions of subject matter jurisdiction de novo. *See Great W. Mining & Min. Co. v. Fox Rothschild LLP*, 615 F.3d 159, 163 (3d Cir. 2010).

Both parties state that the District Court erred in concluding that it lacked jurisdiction to reinstate the action. Under the Prison Litigation Reform Act (PLRA), parties to a civil action regarding prison conditions may enter into a "private settlement agreement," as the parties did here. *See* 18 U.S.C. § 3626(c)(2)(A). Although such a settlement agreement is not subject to judicial enforcement, the PLRA specifically provides for reinstatement of the action if the settlement agreement is breached. *See id.*; 18 U.S.C. § 3626(g)(1). Here, the settlement also provided that the state courts of Delaware would decide matters arising under or in connection with the settlement. Although the District Court ordinarily would have jurisdiction to reinstate the action, the parties' agreement may have restricted the court's ability to reinstate.

Despite determining that it lacked jurisdiction to entertain Webb's motion to reinstate the matter, the District Court also concluded that the motion was filed too late to reopen the matter based on fraud, citing Rule 60(b)(3) and (c)(1). It did not discuss, however, the interplay between the PLRA and Rule 60(b), specifically, whether a motion to reinstate under the PLRA is subject to Rule 60(b), an issue which we have not addressed in a precedential opinion. Nor did the parties address this issue. Under the

4

circumstances, we decline to address the issue in the first instance, and leave it to the District Court to address on remand, with input from the parties. The District Court should consider whether the private settlement agreement must specifically provide for reinstatement for reinstatement to be available as a remedy, and the effect of the agreement's provision that the state courts of Delaware are to decide matters arising under or in connection with the settlement agreement.

Based on the foregoing, we will vacate the District Court's judgment to the extent it denied the motion to reinstate the case,[2] and remand for further proceedings consistent with this opinion.[3]

---

[2] We agree with the District Court that there was no basis for its recusal. *See Liteky v. United States*, 510 U.S. 540, 555 (1994) (noting that "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion").

[3] Appellant's motion for sanctions is denied.